## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DESPINA NEUPH LUCAS, | ) | |
| | ) | |
| | ) | Civil Action No. 1:22-cv-02903 (UNA) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case for the reasons explained below.

Plaintiff sues the United States and the Social Security Administration ("SSA"). She contests determinations made by the SSA as to her entitlement to benefits and further alleges that the agency has committed negligence and fraud through the course of the administrative proceedings, and thereafter, when plaintiff seemingly challenged some or all of these determinations in other federal courts. She demands "back payment" of social security benefits, plus interest and additional unspecified damages. Plaintiff, however, faces hurdles that she cannot overcome.

First, plaintiff's claim fundamentally falls under the judicial review provision of the Social Security Act, codified at 42 U.S.C. § 405(g). *See Friedman v. Sebelius*, 686 F.3d 813, 826 (D.C. Cir. 2012) (reiterating that "Section 405(h) [of 42 U.S.C.] . . . makes [42 U.S.C.] § 405(g) the exclusive avenue for judicial review of administrative decisions") (quoting *Nat'l Kidney Patients Assoc. v. Sullivan*, 958 F.2d 1127, 1130 (D.C. Cir. 1992) (alterations in original) (internal quotation

marks omitted)).  The Social Security Act requires that such actions to be "brought in the district court of the United States for the judicial district in which the plaintiff resides."  42 U.S.C. § 405(g).  Plaintiff purports to be a resident of North Carolina, and perhaps California, but either way, the District of Columbia is the improper jurisdiction and venue for her claims.  *See id*; *see also* 28 U.S.C. § 1406(a).

Second, it appears that, per plaintiff's own allegations, she has raised these claims in other federal courts, but this court lacks subject matter jurisdiction to review the decisions of those courts.  *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)).

Third, insofar as plaintiff seeks damages, she may not do so.  Sovereign immunity bars a claim against the United States, its agencies, and its employees acting in their official capacity, save consent "unequivocally expressed in statutory text[.]" *Lane v. Pena*, 518 U.S. 187, 192 (1996).  The Federal Tort Claims Act ("FTCA") creates "a limited waiver of sovereign immunity and makes the federal government liable for certain torts," but "the Social Security Act creates an exception to that waiver." *Braun v. USPS*, No. 16-2079, 2017 WL 4325645, at *4 (D.D.C. Sept. 27, 2017) (dismissing case where plaintiff sought compensation for the government's alleged negligence and delay in awarding Social Security benefits) (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004)).  More specifically, the Social Security Act states that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or

governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter." 42 U.S.C. § 405(h). In other words, the Social Security Act, "on its face, 'bars district court federal-question jurisdiction over suits' that 'seek to recover Social Security benefits.' " *Braun*, 2017 WL 4325645, at *4 (quoting *Weinberger v. Salfi*, 422 U.S. 749, 756–57 (1975); citing *McKenna v. Comm'r of Soc. Sec.*, 156 F.3d 1231, 1231 (6th Cir. 1998) ("the Social Security Act precludes any claim under the Federal Tort Claims Act for the wrongful withholding of benefits")).

Moreover, plaintiff contends that many of the underlying tortious acts alleged here involve fraud and deception, and the FTCA expressly "exempts fraud and misrepresentation from the general waiver of sovereign immunity."  *Maxberry v. Dep't of the Army, Bd. of Correction of Military Records*, 952 F. Supp. 2d 48, 52 (D.D.C. 2013) (citing 28 U.S.C. § 2680(h) (other citation omitted)), *appeal dismissed*, No. 13-5214 (D.C. Cir. May 8, 2014).  For all of these reasons, plaintiff has neither pleaded nor established that defendants have consented to be sued for damages.

Therefore, the court dismisses the complaint, and this matter, without prejudice.  An order consistent with this memorandum opinion is issued separately.

DATE:  October 28, 2022

_____ s/s _____
COLLEEN KOLLAR-KOTELLY
United States District Judge